**Preston Rico JACKSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 06–98–00083–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 15, 1999.

Decided March 16, 1999.

Kathi Alyce Drew, Attorney at Law, Dallas, for appellant.

Tammy J. Harrison, Assistant District Attorney-Appellate Section, Dallas, for appellee.

## OPINION

Justice ROSS.

Following the revocation of Rico Jackson's deferred adjudication community supervision, he was adjudged guilty of delivery of a controlled substance (cocaine) and sentenced to imprisonment for twenty-five years. On appeal, he contends that his sentence violates the Eighth Amendment of the United States Constitution and Article I, § 13 of the Texas Constitution because it is grossly disproportionate to the crime and inappropriate to the offender. He also contends that TEX.R.APP. P. 34.6(f) mandates reversal because a State's exhibit has been lost or destroyed. We overrule his contentions and affirm the judgment.

Jackson waived his right to a jury trial and, without a plea agreement, entered a plea of guilty before the court. He also pled true to two enhancement paragraphs in the indictment which subjected him to habitual offender punishment under TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.1999), i.e., imprisonment "for life, or for any term of not more than 99 years or less than 25 years." The trial court accepted Jackson's plea of guilty and his pleas of true and, after considering a presentence investigation report, deferred adjudging him guilty and placed him on community supervision for a period of ten years. As a condition of his supervision, the court ordered Jackson to successfully complete a drug addiction treatment program.

Three and one-half years later, after the court had twice modified the terms of Jackson's community supervision to allow him a second and third chance at drug rehabilitation, the State filed a motion to proceed with an adjudication of guilt, alleging that Jackson had (1) tested positive for illegal drug use; (2) absconded from a drug rehabilitation aftercare program; (3) failed to report to his supervision officer for two months; and (4) failed to keep an appointment in a rehabilitation program. At the hearing on the State's motion, Jackson entered pleas of not true to these allegations. However, after hearing the evidence, the trial court found allegations (1), (3), and (4) to be true, revoked Jackson's community supervision, adjudicated him guilty, and assessed the minimum punishment of twenty-five years' imprisonment.

In his first two points of error, Jackson argues that his sentence of twenty-five years' imprisonment violates, respectively, the Eighth Amendment of the United States Constitution [1] and Article I, § 13 of the Texas Constitution [2] because it is grossly dispro-

---

1. U.S. CONST. amend. VIII provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

2. TEX. CONST. art. I, § 13 provides (in relevant part): "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."

portionate to the crime and inappropriate to the offender and, therefore, constitutes cruel and/or unusual punishment.

Jackson did not preserve his alleged error for review. To preserve a complaint for appellate review, an appellant must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling desired. TEX.R.APP. P. 33.1(a)(1)(A); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex.Crim.App.1996). A number of cases finding waiver have dealt specifically with appellate claims that the punishment assessed by the trial court is grossly disproportionate to the offenses, thereby constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and/or Article I, § 13 of the Texas Constitution.[3]

■ Jackson admits that he did not raise a specific objection to the sentence pronounced. He argues, however, that even if he did not voice a specific objection at trial, he did preserve error for appeal because "trial counsel argued strenuously for probation and treatment as opposed to *any* term of imprisonment." He apparently relies on the language of TEX.R.APP. P. 33.1(a)(1)(A), which excuses the lack of a timely and specific objection if "the specific grounds were apparent from the context." But it is not apparent from Jackson's argument to the trial court that he was challenging the sentence assessed as being grossly disproportionate to the offense and in violation of the United States and Texas Constitutions. His argument is just as he states it: it does not go to the proportionality of the sentence, but to the assessment of any sentence at all. As such, Jackson really challenges the sufficiency of the evidence to adjudicate his guilt. His argument to the trial court was for continuing his community supervision and against the adjudication of his guilt and any punishment therefrom. However, TEX.CODE CRIM.

PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 1999) expressly denies a defendant on deferred adjudication supervision the right to appeal from a trial court's decision to proceed to adjudication. *Rodriquez v. State*, 972 S.W.2d 135, 137–38 (Tex.App.Texarkana 1998, pet. granted).

■ Jackson contends that his failure to make a specific objection should be excused on the grounds of futility or novelty, citing *Black v. State*, 816 S.W.2d 350 (Tex.Crim. App.1991), and invoking the "right not recognized" exception to the contemporaneous objection rule. That exception excuses the failure to make a contemporaneous objection where the claim was so novel that the basis of the claim was not reasonably available at the time of trial, or the law was so well settled by the Texas Court of Criminal Appeals that an objection at that time would have been futile. *Black*, 816 S.W.2d at 368 (Campbell, J., concurring). The rationale behind the futility prong of this exception appears to be that at the time appellant should have objected, the law at the basis of the objection was so settled that any objection would have been futile; therefore, a court of appeals, when later reviewing the trial court proceedings, will not penalize appellant by refusing to entertain the merits of his point of error where the law after the trial court proceedings has developed or changed and the omitted objection is now viable. *See Black*, 816 S.W.2d at 361–64. The novelty prong, however, arises when appellant fails to raise a constitutional issue at trial because at that time the constitutional issue was "reasonably unknown to him" and, therefore, the court cannot attribute to him strategic motives of any sort by failing to object, and the truly novel claim is excused without implicating any of the articulated reasons for requiring meticulous preservation of error. *See Black*, 816 S.W.2d at 368–69 (Campbell, J., concurring).

**3.** *See Keith v. State*, 975 S.W.2d 433, 433–34 (Tex.App.Beaumont 1998, no pet.); *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.Houston [1st Dist.] 1997, pet. ref'd); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.Amarillo 1996, pet. ref'd); *Robinson v. State*, 906 S.W.2d 534, 536 (Tex.App.Tyler 1995, no pet.); *Chapman v. State*, 859 S.W.2d 509, 515 (Tex.App.Houston [1st Dist.] 1993), *rev'd on other grounds*, 921 S.W.2d 694 (Tex.Crim.App.1996); *Cruz v. State*, 838 S.W.2d 682, 687 (Tex.App.Houston [14th Dist.] 1992, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex.App.Corpus Christi 1989, pet. ref'd).

■ Jackson does not fall under either prong of the "right not recognized" exception to the contemporaneous objection rule. First, his claim of cruel and/or unusual punishment in violation of the United States and Texas Constitutions, based on alleged disproportionality of the sentence assessed to the crime committed, was not a futile objection under the law in Texas in late 1997. This is true, even though some appellate courts were questioning the viability of proportionality review applying the *Solem* test [4] in light of the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).[5] However, these same courts ultimately applied the *Solem* test, or a modified version of it, to address proportionality claims, if only out of an abundance of caution. After reviewing the Fifth Circuit Court of Appeals' decision in *McGruder v. Puckett*, which interpreted the *Harmelin* case, the Dallas Court of Appeals held affirmatively that "disproportionality survives" and adopted the *McGruder* court's modified test*Id.* at 316; *see also Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex.App.Dallas 1994, pet. ref'd).[6] for determining proportionality. *See Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex.App.Dallas 1994, pet. ref'd). The questioning of the viability of proportionality review in general, and proportionality review applying the *Solem* test specifically, continues to this day. *See Sullivan v. State*, 975 S.W.2d 755, 757–58 (Tex.App.Corpus Christi 1998, no pet. h.) (summarizing the current position taken by a number of Texas courts of appeals regarding proportionality review in light of the *Harmelin* decision).

Second, Jackson's disproportionality claim does not fall within the novelty prong of the "right not recognized" exception to the contemporaneous objection rule because, as evidenced by the discussion above, his was not a novel claim such that it was "reasonably unknown to him" at the time the objection should have been raised. Jackson failed to preserve his alleged error for appeal.

Even if Jackson did properly preserve error, we find that his sentence does not amount to cruel and/or unusual punishment under either the Eighth Amendment to the United States Constitution or Article I, § 13 of the Texas Constitution. Jackson urges this Court to seize upon the difference in language between the federal prohibition and the state prohibition, and thereby afford greater rights under the Texas Constitution than are afforded under the United States Constitution. The federal provision uses the phrase "cruel *and* unusual," whereas the Texas provision uses the phrase "cruel *or* unusual." Therefore, Jackson argues that under the federal provision, punishment must be both cruel *and* unusual to be unconstitutional, but under the Texas provision, punishment may be unconstitutional if it is either cruel *or* unusual. Although Jackson cites a number of cases where Texas constitutional provisions have been interpreted to give greater rights than their federal counterparts, he cites no Texas case that has interpreted the Texas prohibition against cruel or unusual punishment differently from the federal prohibition against cruel and unusual punishment. Therefore, the two claims will be analyzed together. *See Davis v. State,*

**4.** In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Court enunciated three factors for evaluating the proportionality of a sentence: (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions.

**5.** *See Simmons v. State*, 944 S.W.2d 11, 15 (Tex.App.Tyler 1996, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664 (Tex.App.Texarkana 1995, pet. ref'd).

**6.** *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992), modified the *Solem* test for propor-

tionality in light of the United States Supreme Court's decision in the *Harmelin* case as follows:

[W]e will initially make a threshold comparison of the gravity of [the defendant's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

*Id.* at 316; *see also Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd).

905 S.W.2d 655, 664 (Tex.App.Texarkana 1995, pet. ref'd).

Texas courts have traditionally held that as long as the punishment is within the range established by the legislature in a valid statute, the punishment assessed does not violate either the federal or Texas prohibitions against cruel and/or unusual punishment.[7] Jackson acknowledges this fact in his brief. However, he argues that this does not mean that the punishment assessed cannot be grossly disproportionate to the crime, because the punishment does not fit the severity of the crime, the offender, or both. Therefore, Jackson urges this Court to recognize that the Texas Constitution contains a proportionality principle and to then hold that his sentence is unconstitutionally disproportionate under the Texas Constitution.

■ We recognize that a prohibition against grossly disproportionate sentences does survive under the Eighth Amendment of the United States Constitution and that it does so apart from any consideration of whether or not the punishment assessed is within the range established by the legislature in a valid statute. Therefore, we will assess the proportionality of Jackson's sentence by applying the *Solem* test in keeping with our approach in *Davis* and consistent with the Fifth Circuit's modified test as set out in *McGruder*. We initially make a threshold comparison of the gravity of the offense against the severity of the sentence and then ask whether the sentence is grossly disproportionate to the offense. Only if gross disproportionality is found do we then compare this sentence to sentences received for similar crimes in this and other jurisdictions.

■ In first considering whether Jackson's sentence is grossly disproportionate to the offense, it should be noted that not only is Jackson's sentence within the range of punishment prescribed by the legislature for habitual felony offenders, but it is also the minimum sentence that can be assessed under these facts. This is not a harsh sentence for conviction of a third felony offense, the third felony being for delivery of cocaine. Further, despite reservations about Jackson's attitude toward drug rehabilitation, the trial court gave him not one but three chances to successfully complete his community supervision before finally revoking it, adjudicating his guilt, and assessing punishment. Because we find that Jackson's sentence is not grossly disproportionate to the offense for which he was convicted, factors two and three of the *Solem* test need not be considered. But even if we did desire to consider these factors, there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison. We overrule Jackson's first and second points of error.

■ In his third point of error, Jackson contends that TEX.R.APP. P. 34.6(f)[8] mandates reversal because the court reporter was unable to provide State's Exhibit 3, the presentence investigation report (PSI), as part of the reporter's record for this appeal. He argues that the PSI is a crucial part of the record, has relevance for this appeal, and has been lost or destroyed. It is not clear what relief Jackson is seeking by this alleged point of error. If Jackson is claiming the right to a new assessment of punishment, the issue of lost or destroyed portions of the reporter's record for appeal is moot because of this Court's holding that he did not pre-

---

7. *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim. App.1973); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex.Crim.App.1972); *Rodriguez,* 917 S.W.2d at 92; *Robinson,* 906 S.W.2d at 536–37; *Davis,* 905 S.W.2d at 664.

8. TEX.R.APP. P. 34.6(f) reads:

(f) *Reporter's Record Lost or Destroyed.* An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or if the proceedings were electronically recorded a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the parties cannot agree on a complete reporter's record.

serve his alleged substantive errors for review. Moreover, even assuming that he did preserve error, his contention does not meet the requirements of TEX.R.APP. P. 34.6(f)(3) in that he does not show this Court that the lost or destroyed portion of the reporter's record (the PSI), is necessary to the resolution of this appeal. He argues that the PSI was used by the court initially in deciding to place him on deferred adjudication probation, but he does not point to facts that the PSI was an important consideration in assessing punishment following his adjudication of guilt, or even that it was used or considered at all at this time. From all indications, the court determined Jackson's punishment based upon the offense for which he was convicted, including the enhancement paragraphs to which he had pled true, and the record of his performance while on community supervision. We overrule Jackson's third point of error.

The judgment of the trial court is affirmed.