NO. 12-03-00392-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
GUSTAVO CUELLO,                                        §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Gustavo Cuello appeals his conviction for aggravated sexual assault, for which he was
sentenced to imprisonment for life. Appellant raises one issue on appeal. We affirm.
 
Background
            Appellant was charged with aggravated sexual assault of a child.


 While out on bail,
Appellant fled the country, but was later returned to the United States by the Federal Bureau of
Investigation to face the charges against him. Appellant pleaded guilty. The trial court sentenced
Appellant to imprisonment for fifty years. Pursuant to the trial court’s timely pass for plea option,
Appellant elected not to accept the trial court’s sentence, but rather sought to have a jury determine
his sentence.


 
            Following a trial on punishment, the jury recommended that Appellant be sentenced to
imprisonment for life. The trial court sentenced Appellant accordingly. This appeal followed.
 
Cruel and Unusual Punishment
            In his sole issue, Appellant contends that the life sentence imposed on him constituted cruel
and unusual punishment under both the Texas and United States Constitutions. Initially, we note
that Appellant made no objection to the trial court raising the issue of cruel and unusual punishment
and has, therefore, waived such an issue with respect to any alleged violation of his rights under the
Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Tex. R.
App. P. 33.1. However, even absent waiver, we conclude that Appellant’s sentence did not constitute
cruel and unusual punishment. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted
of aggravated sexual assault, a first degree felony. See Tex. Pen. Code Ann. § 22.021 (Vernon
Supp. 2004). The punishment range for such an offense is between five and ninety-nine years, or
life. Id.; see also Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003). Here, the punishment assessed
by the trial court falls well within the range set forth by the legislature. Id. Therefore, the
punishment is not prohibited as cruel, unusual, or excessive per se.
            Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, the offense committed by Appellant - aggravated sexual assault - was far
more serious than the offenses committed by the appellant in Rummel, while Appellant’s life
sentence is no more severe than the life sentence upheld by the Supreme Court in Rummel. Thus,
it follows that if the sentence in Rummel was not unconstitutionally disproportionate, then neither
is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the
threshold test to be satisfied, we need not apply the remaining elements of the Solem test. 
Appellant’s sole issue is overruled.



 
Conclusion
Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered July 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(DO NOT PUBLISH)