NOS. 12-03-00433-CR
 12-03-00434-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
BERNARDO ALVARADO,                               §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Bernardo Alvarado (“Appellant”) appeals his two aggravated assault convictions, for which
he was sentenced to imprisonment for twelve years for each offense. Appellant raises one issue on
appeal. We affirm.
 
Background
            On August 23, 2003, at approximately 6:00 a.m., Appellant went to his sister’s house. When
no one answered the door, Appellant went into the garage. Hearing a noise, and not knowing that
the noise had been made by her brother, Appellant’s sister, Sara Alvarado, called some friends and
asked them to come over. Maricruz Carrero and Jose Lara came to Sara’s house to assist her. After
Carrero and Lara arrived, a confrontation erupted between Lara and Appellant. During the
confrontation, Appellant brandished a handgun and pointed it in Lara’s direction. As Lara and
Carrero drove away from scene, Appellant fired the handgun in the direction of the vehicle they were
driving.
            Appellant was charged in separate indictments with aggravated assault as to both Carrero and
Lara. Appellant pleaded guilty as charged. Following a trial on punishment, the jury assessed
Appellant’s punishment at imprisonment for twelve years for each offense. The trial court sentenced
Appellant accordingly with the sentences to run concurrently. This appeal followed.
 
Cruel and Unusual Punishment
            In his sole issue, Appellant contends that the sentence imposed on him constituted cruel and
unusual punishment under both the Texas and United States Constitutions. Initially, we note that
Appellant made no objection to the trial court raising the issue of cruel and unusual punishment and
has, therefore, waived such an issue with respect to any alleged violation of his rights under the
Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Tex. R.
App. P. 33.1. However, even absent waiver, we conclude that Appellant’s sentence did not constitute
cruel and unusual punishment. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was twice
convicted of aggravated assault, a second degree felony. See Tex. Pen. Code Ann. § 22.02(a)(2),
(b) (Vernon Supp. 2004–2005). The punishment range for such an offense is between two and
twenty years. Id.; see also Tex. Pen. Code Ann. § 12.33(a) (Vernon 2003). Here, the punishment
assessed by the trial court falls well within the range set forth by the legislature. Id. Therefore, the
punishment is not prohibited as cruel, unusual, or excessive per se.
            Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, the offenses committed by Appellant - aggravated assault - were far more
serious than any of the offenses committed by the appellant in Rummel, while Appellant’s
concurrent twelve-year sentences are not nearly as severe as the life sentence upheld by the Supreme
Court in Rummel. Even absent any prior felony convictions on Appellant’s part, it follows that if
the sentence in Rummel was not unconstitutionally disproportionate, then neither is the sentence
assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to
be satisfied, we need not apply the remaining elements of the Solem test. Appellant’s sole issue is
overruled.
 
Conclusion
Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered August 25, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






















(DO NOT PUBLISH)