NO. 12-04-00243-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ARTHUR GILBERT,                                         §     APPEAL FROM THE 114TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Arthur Gilbert appeals his conviction for possession of more than four hundred grams of
cocaine, for which he was sentenced to imprisonment for life. Appellant raises one issue on appeal. 
We affirm.
Background
            Appellant was charged with possession of more than four hundred grams of cocaine. 
Appellant initially pleaded “not guilty.” However, Appellant later changed his plea to “guilty.” The
trial court assessed punishment at imprisonment for twenty years. Pursuant to the trial court’s timely
pass for plea procedure, Appellant was permitted to withdraw his guilty plea. The matter proceeded
to trial by jury. Ultimately, the jury found Appellant guilty as charged and assessed his punishment
at imprisonment for life and a fine of $100,000.00. The trial court sentenced Appellant accordingly. 
This appeal followed.
Cruel and Unusual Punishment
            In his sole issue, Appellant contends that the life sentence imposed on him constituted cruel
and unusual punishment under both the Texas and United States Constitutions. Initially, we note
that Appellant made no objection to the trial court raising the issue of cruel and unusual punishment
and has, therefore, waived such an issue with respect to any alleged violation of his rights under the
Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Tex. R.
App. P. 33.1. However, even absent waiver, we conclude that Appellant’s sentence did not constitute
cruel and unusual punishment. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted
of possession of more than four hundred grams of cocaine. See Tex. Health & Safety Code Ann.
§§ 481.115(a), (f); 481.481.102(3)(D) (Vernon 2003 & Supp. 2004–05). The punishment range for
such an offense is between ten and ninety-nine years, or life, and a fine not to exceed $100,000.00. 
Tex. Health & Safety Code Ann. § 481.115(f). Here, the punishment assessed by the trial court
falls within the range set forth by the legislature. Id. Therefore, the punishment is not prohibited
as cruel, unusual, or excessive per se.
            Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions—one for fraudulent use
of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check
in the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            Yet, Appellant argues that the instant case is more analogous to Solem than to Rummel. In
Solem, as Appellant notes in his brief, the Court distinguished Rummel because Helm received a
life sentence without the possibility of parole, which the Court considered the most severe noncapital
punishment a state can impose on any criminal for any crime. Solem, 463 U.S. at 297, 103 S. Ct.
at 3013. Moreover, the Court noted that Helm’s crime was “one of the most passive felonies a
person could commit[,]” and that his prior felonies relevant to his habitual offender status were
“relatively minor.” Id., 463 U.S. at 296–97, 103 S. Ct. at 3012–13.
            In the case at hand, the offense committed by Appellant—possession of more than four
hundred grams of cocaine—was far more serious than the offenses committed by the appellants in
Rummel or Solem, while Appellant’s life sentence is no more severe than the life sentence upheld
by the Supreme Court in Rummel. Moreover, unlike the appellant in Solem, Appellant concedes
that he will be eligible for parole after a portion of his sentence has been served. We conclude that
the instant case is distinguishable from Solem.
            Thus, it follows that if the sentence in Rummel was not unconstitutionally disproportionate,
then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do
not find the threshold test to be satisfied, we need not apply the remaining elements of the Solem
test. Appellant’s sole issue is overruled.
 
DispositionHaving overruled Appellant’s sole issue, we affirm the judgment of the trial court.
 
                                                                                                     DIANE DEVASTO 
                                                                                                              Justice


Opinion delivered March 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(DO NOT PUBLISH)