NO. 12-04-00132-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ROBERT PHILLIPS,                                           §              APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                            §              JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                           §              SMITH COUNTY, TEXAS
                                                                                                                                                                 
MEMORANDUM OPINION
            Robert Phillips appeals his conviction for delivery of cocaine, for which he was sentenced to
imprisonment for twenty years and fined ten thousand dollars. Appellant raises one issue on appeal. 
We affirm. 
 
Background
            Appellant was charged with delivery of between one and four grams of cocaine. Appellant
initially pleaded “guilty,” and the trial court assessed Appellant’s punishment at imprisonment for fifteen
years and a five thousand dollar fine. Pursuant to the trial court’s timely pass for plea procedure,
Appellant was permitted to withdraw his guilty plea. The matter proceeded to trial by jury. Ultimately,
the jury assessed Appellant’s punishment at imprisonment for twenty years and a fine of ten thousand
dollars. The trial court sentenced Appellant accordingly. This appeal followed.
 
Cruel and Unusual Punishment
            In his sole issue, Appellant contends that the twenty-year sentence imposed on him constitutes
cruel and unusual punishment under both the Texas and United States Constitutions. Initially, we note
that Appellant made no objection to the trial court raising the issue of cruel and unusual punishment and
has, therefore, waived such an issue on appeal. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996) (waiver with regard to rights under the Texas Constitution); Curry v. State, 910 S.W.2d 490,
497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); Tex.
R. App. P. 33.1. However, even absent waiver, we conclude that Appellant’s sentence did not constitute
cruel and unusual punishment. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis v.
State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State, 944
S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment which
falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim.
App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of delivery of
between one and four grams of cocaine. See Tex. Health & Safety Code Ann. §§ 481.112(a), (c),
481.102(3)(D) (Vernon 2003 & Supp. 2004–05). The punishment range for such an offense is between
two and twenty years and a fine not to exceed $10,000.00. Tex. Pen. Code Ann. § 12.33 (Vernon
2003). Here, the punishment assessed by the trial court falls within the range set forth by the legislature. 
Id. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.
            Nonetheless, Appellant urges the court to perform the three-part test originally set forth in Solem
v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty,
(2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S. Ct. at 3011.


 The
application of the Solem test has been modified by Texas courts and the Fifth Circuit Court of Appeals,
in light of the Supreme Court’s decision in Harmelin, to require a threshold determination that the
sentence is grossly disproportionate to the crime before addressing the remaining elements. See, e.g.,
McGruder, 954 F.2d at 316; see also Jackson v. State, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana
1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by the
holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In Rummel, the
Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life
sentence under a prior version of the Texas habitual offender statute for a conviction for obtaining
$120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence was imposed
because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to
obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of
$28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the legislative prerogative
to classify offenses as felonies and considering the purpose of the habitual offender statute, the court
determined that the appellant’s mandatory life sentence did not constitute cruel and unusual punishment. 
Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, the offense committed by Appellant—delivery of between one and four
grams of cocaine—was far more serious than the offenses committed by the appellant in Rummel, while
Appellant’s twenty-year sentence is far less severe than the life sentence upheld by the Supreme Court
in Rummel. Thus, it follows that if the sentence in Rummel was not unconstitutionally
disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore,
since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the
Solem test. Appellant’s sole issue is overruled.
 
Disposition
Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)