In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00145-CR
______________________________


MICHAEL STANLEY SPEIGHTS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 05-0090X


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Michael Stanley Speights appeals his convictions on eight counts of possession of
child pornography. The trial court assessed the maximum punishment on each count, with
the sentences to run consecutively. The sentences were ordered to run concurrently with
sentences in a companion case in which Speights was convicted on two counts of
indecency with a child by sexual conduct, one count of indecency with a child by exposure,
and ten counts of promotion or production of child pornography. The total punishment
assessed was 250 years.
Â Â Â Â Â Â Â Â Â Â The briefs and argument raised in Speights' sole point of error are identical to those
raised in Speights' first point of error in Speights v. State, No. 06-05-00144-CR. For the
reasons stated therein, we likewise resolve the issue in this appeal. Speights waived
review of the issue of excessive and disproportionate punishment. Further, even if error
had been preserved, the record does not contain evidence that would allow us to make a
proper determination of the issue. Accordingly, we overrule Speights' sole point of error
and affirm the judgment of the trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â September 29, 2005
Date Decided:Â Â Â Â Â Â Â Â Â October 27, 2005

Do Not Publish



ion Locked="false" Priority="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00229-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BOBBY RAPER,
II, Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 8th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Delta County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 7080

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

In Delta County, Texas, Bobby Raper, II, was
indicted for burglary of a habitation.Â 
Raper pled guilty and received a ten-year sentence, which was probated
for ten years.[1]Â  Ten months later, the State moved to revoke
RaperÂs community supervision, alleging that Raper failed to satisfy six
conditions of his community supervision.Â 
He pled true to all of the allegations except for failure to complete
community service.Â  After a hearing, the
trial court revoked RaperÂs community supervision and sentenced him to ten
yearsÂ incarceration. 

On appeal, Raper argues in his sole point of
error that the sentence imposed by the trial court is unconstitutionally cruel
and unusual. 

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the trial courtÂs judgment because this issue was not preserved for our
review. 

Â 

Â Â Â Â Â Â Â Â Â Â Â  To
preserve error for appellate review, a defendant must make a timely request,
objection, or motion, and obtain a ruling from the trial court. Â Tex. R.
App. P. 33.1. Â This requirement
applies even to assertions that a sentence is cruel and unusual. Â Richardson
v. State, 328 S.W.3d 61, 72 (Tex. App.ÂFort Worth 2010, pet. refÂd) (citing Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.ÂHouston [1st Dist.] 1997, pet. refÂd) (cited by Jackson v. State, 989
S.W.2d 842, 844 n.3 (Tex. App.ÂTexarkana 1999, no pet.)); see also Henderson v. State, 962 S.W.2d 544, 558 (Tex. Crim. App. 1997).
Â 

Â Â Â Â Â Â Â Â Â Â Â  After
the trial court revoked his community supervision and sentenced him to ten
yearsÂ incarceration, Raper filed a motion for new trial.[2]Â  In his motion, he argued that the trial court
should grant him a new trial because Âthe verdict in this cause is contrary to
the law and the evidence,Â and because Âthe trial court has the discretion to
grant a new trial in the interest of justice.ÂÂ 
The motion failed to argue that the sentence was cruel and unusual or
otherwise disproportionate.Â  Therefore,
this issue was not preserved for our review,[3]
and we affirm the trial courtÂs judgment. 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July
5, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July
6, 2011

Â 

Do Not Publish

Â 











[1]Raper
was also assessed a $200.00 fine, $300.00 in attorneyÂs fees, and $343.00 in
court costs.





[2]Raper
made no other objection to the trial courtÂs judgment. 

Â 





[3]Even
if the contention had been preserved for review, the contention fails. Â Since the sentence is within the statutory
range, there is no indication that the severity of the sentence is grossly
disproportionate to the gravity of the offense, and no evidence establishes the
sentenceÂs disproportionality as compared with other sentences in this or other
jurisdictions. Â See Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.ÂTexarkana 2006,
no pet.).