In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00054-CR
______________________________


BILLIE JO RIVERS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 32,340-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Billie Jo


 Rivers pled guilty to charges of delivery of more than 28 grams but less than 200
grams of a controlled substance and elected to have a jury assess punishment. On January 25, 2005,
the jury found Rivers guilty and assessed a punishment of seventeen years' imprisonment and a
$1,000.00 fine. Rivers now appeals the sentence imposed for this conviction.


 She contends the
sentence imposed is disproportionate to her offense. For reasons described in companion case Rivers
v. State, cause number 06-05-00053-CR and set forth below, we affirm.
Sentence Not Excessive or Disproportionate to Offense
            Rivers was convicted of delivery of more than 28 grams but less than 200 grams of a penalty
group three controlled substance. Delivery of this amount of a penalty group three controlled
substance is a second-degree felony, carrying a sentencing range of between two and twenty years
and a fine of up to $10,000.00. Tex. Health & Safety Code Ann. § 481.114(c) (Vernon 2003);
Tex. Pen. Code Ann. § 12.33 (Vernon 2003).
            Rivers brings forth the same arguments regarding this conviction as she did in cause number
06-05-00053-CR. For the same reasons, we conclude the sentence imposed here was not grossly
disproportionate to the offense committed. See Jackson v. State, 989 S.W.2d 842, 846 (Tex.
App.—Texarkana 1999, no pet.). We add that, not only does this transaction involve a greater
amount of prescription medication, the record also shows that this second drug transaction took place
in the presence of children who Rivers identified as her great-nephews. 
            Considering the record in this case, we cannot say the seventeen-year sentence was grossly
disproportionate to the gravity of the crime. We overrule Rivers' sole point of error and affirm the
trial court's judgment. 



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          October 28, 2005
Date Decided:             November 4, 2005

Do Not Publish