**Opinion filed November 1, 2012**



### In The

# Eleuenth Court of Appeals

_____

## No. 11-10-00365-CR
_____

### MICHAEL SHANE CORONADO, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR20718**

### M E M O R A N D U M   O P I N I O N

Michael Shane Coronado appeals his conviction by the trial court, upon his open plea of guilty, of the offense of "Continuous Sexual Abuse of Young Child or Children." Following Coronado's plea of true to enhancement allegations, the trial court assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. Coronado contends in a single issue that the punishment assessed was cruel and unusual because it is grossly disproportionate to the act committed under both the United States and Texas Constitutions. We affirm.

Texas courts have traditionally held that, as long as the punishment is within the range established by the legislature in a valid statute, the punishment assessed does not violate either the federal or Texas prohibitions against cruel and/or unusual punishment. *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). However, the Eighth Amendment protection against cruel and unusual punishment also precludes sentences that are disproportionate. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). In considering a claim that a sentence is disproportionate, we first make a threshold comparison of the gravity of the appellant's offenses against the severity of his or her sentence. *Id.* Only if we infer that the sentence is grossly disproportionate to the offense will we then compare the sentence received to sentences for similar crimes in Texas and sentences for the same crime in other jurisdictions. *Id.*

Coronado pleaded true to two enhancement paragraphs alleging that he had previously been convicted of two felony offenses of burglary of a habitation. That being the case, his sentence was imposed to reflect the seriousness of his most recent offense, not as it stands alone, but in light of his prior offenses. *Id.* Given evidence that Coronado had sexual activity over a period of time with his biological daughter and the fact that he had previously been convicted on more than one occasion of the offense of burglary of a habitation, we hold that Coronado's punishment was not unconstitutionally disproportionate. *See Rummel v. Estelle*, 445 U.S. 263 (1980). We also note that, even if we had proceeded to compare Coronado's sentence to those received for similar crimes in Texas or in other jurisdictions, Coronado has not referred us to any evidence in the record to which we could refer in making such a comparison or to any authority to support his contention that his sentence is disproportionate. We overrule Coronado's sole issue on appeal.

The judgment is affirmed.

PER CURIAM

November 1, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.