# NO. 12-16-00082-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMIE HALLMARK,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jamie Hallmark appeals her conviction for hindering apprehension or prosecution, for which she was sentenced to imprisonment for ten years. On original submission, we held that the trial court abused its discretion by refusing to permit Appellant to withdraw her "guilty" plea after telling her it was not following the plea agreement. *See* ***Hallmark v. State***, No. 12-16-00082-CR, 2016 WL 4379500, at \*3 (Tex. App.–Tyler Aug. 17, 2016) (mem. op., not designated for publication), *rev'd*, No. PD-1118-16, 2017 WL 5180524 (Tex. Crim. App. Nov. 8, 2017). We further held that the trial court's abuse of discretion resulted in a substantial violation of Appellant's rights and was, therefore, harmful. *Id.* at \*4.

The State filed a petition for discretionary review, which was granted. The court of criminal appeals reversed our opinion, holding the trial court followed the plea agreement when it sentenced Appellant outside the recommended punishment, but within the range of punishment for the offense. *See* ***Hallmark v. State***, No. PD-1118-16, 2017 WL 5180524, at \*2 (Tex. Crim. App. Nov. 8, 2017). The court concluded also that Appellant's objection that the trial court's sentence rendered her plea involuntary did not preserve the issue of whether it should have permitted her to withdraw her plea. *Id.* at \*3. The court remanded the cause to this court for consideration of Appellant's remaining issue on original submission that her sentence amounted to cruel and unusual punishment. *Id.* We affirm.

BACKGROUND

Appellant was charged by indictment with hindering apprehension or prosecution and pleaded "guilty." Thereafter, the trial court sentenced Appellant to imprisonment for ten years. Appellant objected to the sentence, arguing among other things, that it amounted to cruel and unusual punishment. The trial court overruled Appellant's objection, and this appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In her sole remaining issue, Appellant argues that the ten year sentence imposed by the trial court amounts to cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of hindering apprehension or prosecution, the punishment range for which is two to ten years. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2011), § 38.05(d) (West 2016). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant contends that her sentence is grossly disproportionate. Under the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other

jurisdictions. ***Id.***, 463 U.S. at 292, 103 S.Ct. at 3011. The application of the ***Solem*** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.,* ***McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* ***Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See* ***id.***, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id.***, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In the case at hand, the offense committed by Appellant—hindering apprehension or prosecution—is more serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's ten year sentence is less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the ***Solem*** test. *See* ***McGruder***, 954 F.2d at 316; *see also* ***Jackson***, 989 S.W.2d at 845–46. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-16-00082-CR**

**JAMIE HALLMARK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 15CR-064)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*