NUMBER 13-05-069-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DANNIE LEE JETER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 24th District Court of Calhoun County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 By a single issue, appellant, Dannie Lee Jeter, appeals the sentence imposed by
the trial court after his adjudication for the first-degree felony offense of aggravated robbery
of an elderly person. (1) Appellant contends the trial court's sentence of forty years'
imprisonment and a $1,000 fine is cruel and unusual. We affirm. 

Background


 Purusant to a plea bargain agreement, on September 10, 2002, appellant pleaded
guilty to aggravated robbery of an elderly person. The trial court deferred adjudication,
imposed a fine of $1,000, and placed appellant on deferred adjudication community
supervision for ten years. 

 On April 13, 2004, the State filed a petition to adjudicate, alleging appellant violated
the terms of his community supervision by committing burglary of a building (2) and violating
his curfew. At a hearing on January 4, 2005, appellant pleaded "true" to the allegations in
the State's motion. The trial court adjudicated him guilty, revoked his community
supervision, and sentenced him to forty years' imprisonment and a $1,000 fine. 

 In his sole issue, appellant contends that his sentence constitutes cruel and unusual
punishment. The State contends (1) because appellant failed to object to his sentence,
he failed to preserve the issue for review, and (2) appellant's sentence was within the
range of punishment allowable by law and therefore does not constitute cruel and unusual
punishment. 

Standard of Review and Applicable Law

 We review a sentence imposed by the trial court for abuse of discretion. (3) Article
42.12, section 5(b) of the code of criminal procedure provides that no appeal may be taken
from a trial court's determination to proceed with adjudication of guilt. (4) However, an appeal
may be taken to challenge the assessment of punishment and assessment of sentence. (5) It is a general rule that as long as a sentence is within the proper range of punishment, it
will not be disturbed on appeal. (6) 

 To preserve a complaint of disproportionate sentencing, an appellant must object
or otherwise raise error in the trial court. (7) 

Analysis


 Before we can address appellant's claim that his sentence constitutes cruel and
unusual punishment, it must be preserved for our review. Here, the record reflects that
after the trial court assessed his sentence, appellant did not object. (8) We conclude
appellant failed to preserve the issue for our review. (9)

 Moreover, the sentence imposed by the trial court was within the statutorily
permissible range. (10) Accordingly, we hold that the trial court did not abuse its discretion
in imposing the sentence. (11) 

 We overrule appellant's sole issue and affirm the trial court's judgment. 



 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 10th day of August, 2006.

 

 

 






 
1. See Tex. Pen. Code Ann. § 29.03(a)(3)(A), (b) (Vernon 2003). 
2. See id. § 30.02.
3. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). 
4. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005); see also Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
5. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005); Olowosuko, 826 S.W.2d 
at 942.
6. Jackson, 680 S.W.2d at 814. 
7. Jackson v. State, 989 S.W.2d 842, 844 (Tex. App.-Texarkana 1999, no pet.) (citing cases finding
waiver of "cruel and unusual punishment" claims); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus
Christi 1989, pet. ref'd). 
8. The record shows that the trial court asked appellant, "[d]o you know any legal reason why sentence
should not be pronounced in this case at this time?" Appellant responded "No."
9. See Tex. R. App. P. 33.1; Jackson, 989 S.W.2d at 844.
10. See Tex. Pen. Code Ann. § 12.32 (Vernon 2003).
11. See Jackson, 680 S.W.2d at 814.