NOS. 12-08-00056-CR


 12-08-00057-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


NARAUDA JERMAINE THOMPSON,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Narauda Jermaine Thompson appeals his convictions for aggravated robbery and credit card
abuse, for which he was sentenced to two concurrent terms of imprisonment. In one issue,
Appellant argues that the sentence he received for his aggravated robbery conviction amounts to
cruel and unusual punishment. We affirm.


Background


 Appellant was charged by separate indictments with aggravated robbery (1) and credit card
abuse. Appellant pleaded "guilty" as charged to each offense. Thereafter, a trial on punishment was
conducted. Ultimately, the trial court sentenced Appellant to imprisonment for forty years for
aggravated robbery and imprisonment for one year for credit card abuse. The trial court further
ordered that Appellant's sentences run concurrently. This appeal followed.


Cruel and Unusual Punishment


 In his sole issue, Appellant contends that the forty year sentence imposed on him for
aggravated robbery constitutes cruel and unusual punishment under both the Texas and United
States constitutions. However, Appellant made no timely objection to the trial court raising the issue
of cruel and unusual punishment and has, therefore, waived such an issue on appeal. See Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas
Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to
rights under the United States Constitution); Tex. R. App. P. 33.1. However, even absent waiver,
we conclude that Appellant's sentence did not constitute cruel and unusual punishment.

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted
of aggravated robbery. See Tex. Penal Code Ann. § 29.03(a) (Vernon 2003). The punishment
range for such an offense is between five and ninety-nine years, or life. See Tex. Penal Code Ann.
§§ 12.32(a), 29.03(b) (Vernon 2003). Here, the sentence imposed by the trial court falls within the
range set forth by the legislature. Id. Therefore, the punishment is not prohibited as cruel, unusual,
or excessive per se.

 Nonetheless, Appellant urges the court to perform the three part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011. The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in Harmelin v.
Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold
determination that the sentence is grossly disproportionate to the crime before addressing the
remaining elements. See, e.g., McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506
U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); see also Jackson v. State, 989 S.W.2d 842,
845-46 (Tex. App.-Texarkana 1999, no pet.).

 We must first determine whether Appellant's sentence is grossly disproportionate. In so
doing, we are guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed.
2d 382 (1980). In Rummel, the Supreme Court addressed the proportionality claim of an appellant
who had received a mandatory life sentence under a prior version of the Texas habitual offender
statute for a conviction of obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at
1135. A life sentence was imposed because the appellant also had two prior felony
convictions--one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and
the other for passing a forged check in the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at
1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further,
considering the purpose of the habitual offender statute, the court determined that the appellant's
mandatory life sentence did not constitute cruel and unusual punishment. Id., 445 U.S. at 285, 100
S. Ct. at 1145.

 In the case at hand, the offense committed by Appellant--aggravated robbery--was far more
serious than any of the offenses committed by the appellant in Rummel, while Appellant's forty year
sentence is far less severe than the life sentence upheld by the Supreme Court in Rummel. Thus,
it follows that if the sentence in Rummel was not unconstitutionally disproportionate, then neither
is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the
threshold test to be satisfied, we need not apply the remaining elements of the Solem test. 
Appellant's sole issue is overruled.


Disposition


 Having overruled Appellant's sole issue, we affirm the trial court's judgments.

 BRIAN HOYLE 

 Justice

Opinion delivered June 25, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



(DO NOT PUBLISH)
1. The indictment for this offense further alleged that Appellant used or exhibited a deadly weapon during
the commission of or immediate flight from the offense. Appellant ultimately pleaded "true" to this deadly weapon
allegation.