NUMBER 13-08-125-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


HENRY KAPPE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides



 Appellant, Henry Kappe, was convicted by a jury of intoxication manslaughter,
intoxication assault, and failure to stop and render aid. Tex. Penal Code Ann. §§
49.07(a)(1), 49.08(a) (Vernon 2006); Tex. Transp. Code Ann. §§ 550.021(a)-(c), 
555.023(3) (Vernon 1999). 

 Kappe claims that the evidence was insufficient to support revocation of his
community supervision and that the trial court failed to take into consideration mitigating
factors in sentencing. For the reasons stated herein, we affirm the trial court's judgment. 

I. Background

 Henry Kappe was indicted for intoxication manslaughter, intoxication assault, and
failure to stop and render assistance. On February 2, 2005, Kappe was found guilty by
a jury of all three offenses. The jury sentenced him to five years in the Texas Department
of Criminal Justice and a $500.00 fine for intoxication assault and intoxication
manslaughter, and six months in the Nueces County jail and a $500.00 fine for failure to
stop and render assistance. The jury also recommended that the punishment of
imprisonment be suspended and that Kappe be placed on community supervision with
respect to the intoxication assault and manslaughter convictions. On February 10, 2005,
the trial court placed Kappe on community supervision.

 The State filed a motion to revoke Kappe's community supervision, and later
amended the motion. The motions to revoke alleged that Kappe failed to report to his
probation officer, failed to report a change of his residence, failed to pay fines, and failed
to avoid alcoholic beverages. A hearing was held on motion to revoke on February 21,
2008 at which time Kappe pleaded "true" to all the allegations in the State's motion to
revoke. 

 Kappe did not enter into an agreement regarding punishment. The State requested
that the trial court impose the original five year sentence in Texas Department Criminal
Justice. Kappe asked that his probation not be revoked and, in the alternative, asked the
court to consider SAFPF or SATF. (1)

 After hearing the evidence, the court found the allegations in the motion to revoke
to be true. The trial court revoked Kappe's community supervision, and he was sentenced
to five years in the Texas Department of Criminal Justice for the intoxication assault and
the intoxication manslaughter, and he was sentenced to six months in the Nueces County
Jail for his failure to stop and render aid. The court certified Kappe's right to appeal, and
this appeal ensued. 

II. Anders issues


 Kappe's counsel describes his appellate brief as a "hybrid-Anders" brief. In other
words, Kappe's counsel has argued one issue that she found to be meritorious but has
also listed several possible issues that she deems frivolous. The State argues that the
brief fails to comply with the procedure required by Anders v. California, 386 U.S. 738
(1967) and In Re Shulman, 252 S.W.3d 403 (Tex. Crim. App. 2008). We agree.

 States must provide counsel for an indigent appellant on his first appeal as a matter
of right, and courts have recognized the superior ability of trained counsel in the
examination into the record, research of the law, and marshalling of the arguments on the
appellant's behalf. Douglas v. California, 372 U.S. 353, 358 (1963). Experienced
advocates have emphasized the importance of winnowing out weaker arguments on
appeal and focusing on one central issue if possible, or at most, on a few key issues. 
Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel does not have to raise
every possible argument on appeal; rather, appellate counsel should examine the record
with a view to selecting the most promising issues for review. Id. at 752. Even though
Kappe's counsel has set out various issues that she found to be wholly frivolous, she was
not required to do so. Kappe's counsel did brief one issue which she felt was not frivolous. 
We will confine our review to that issue. 

III. Revocation and Punishment

 Kappe argues that the evidence at the hearing to revoke his probation was
insufficient to support the revocation, and that the court failed to take into account
mitigating factors. The State argues that appellant did not raise this objection at the
hearing and has thus waived the issue. In the alternative, the State argues that the
sentence is within the range of punishment for the offenses.

A. Waiver

 To preserve a complaint of disproportionate sentencing, an appellant must object
or otherwise raise error in the trial court. Tex. R. App. P. 33.1; Jackson v. State, 989
S.W.2d 842, 844 (Tex. App.-Texarkana 1999, no pet.). Kappe did not specifically object
when the trial court pronounced his sentence. However, Texas Rule of Appellate
Procedure 33.1(a)(1)(A) excuses the lack of a timely and specific objection if "the specific
grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). Kappe did not
challenge the evidence supporting revocation because he pleaded true to the State's
allegations. Accordingly, he has not preserved that argument for appeal. Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that the issue on appeal must
comport with the objection raised at trial). However, Kappe did request that the court
continue his community supervision and order alcohol rehabilitation. Id. Accordingly, he
preserved his challenge to the sentence. 


B. Standard of Review

 A trial judge is afforded a great amount of discretion in determining the appropriate
punishment in any given case. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App.
1984); see also Jeter v. State, No. 13-05-069-CR, 2006 Tex. App. LEXIS 7136, at *2-3
(Tex. App.-Corpus Christi Aug. 10, 2006, no pet.) (mem. op., not designated for
publication). Accordingly, the trial court's assessment of a particular punishment will not
be disturbed on appeal absent a showing of abuse of discretion. Jackson, 680 S.W.2d at
814. Generally, a penalty assessed that is within the range of punishment established by
the Legislature for a particular offense will not be disturbed on appeal. Id. 

 Texas Code of Criminal Procedure article 42.12, section 23 sets forth the
procedures to be followed when a person violates the terms of his or her community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 23 (Vernon Supp. 2007). Section
23 provides that if community supervision is revoked, "the judge may proceed to dispose
of the case as if there had been no community supervision, or if the judge determines that
the best interests of society and the defendant would be served by a shorter term of
confinement, reduce the term of confinement originally assessed to any term of
confinement not less than the minimum prescribed for the offense of which the defendant
was convicted." Id.

 At the hearing, the court heard from Kappe and his counsel regarding the reason
for keeping him on community supervision. After the hearing, the sentence given to Kappe
was the sentence given by the jury and was well within the range of punishment for the
offenses. Tex. Penal Code Ann. § 49.07(c) (intoxication assault is a third-degree felony);
id. § 12.34(a) (two-to-ten year imprisonment as punishment for third-degree felony); id. §
49.08(b) (intoxication manslaughter is a second-degree felony); id. § 12.33(a) (two-to-twenty year imprisonment as punishment for second-degree felony); Tex. Transp. Code
Ann. § 550.021(c)(2)(A) (punishment for failure to render aid is limited to "imprisonment in
the Texas Department of Criminal Justice for not more than five years or confinement in
the county jail for not more than one year"). Accordingly, the trial court did not abuse its
discretion. 

IV. Conclusion


 For the above given reasons, the judgment of the trial court is AFFIRMED.



 __________________________

 GINA M. BENAVIDES

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this the 21st day of August, 2008.


1. Substance Abuse Felony Punishment Facilities. See Tex. Gov't Code Ann. § 493.009 (Vernon Supp.2007)