

**NUMBER 13-08-125-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**HENRY KAPPE,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 214th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Henry Kappe, was convicted by a jury of intoxication manslaughter, intoxication assault, and failure to stop and render aid. TEX. PENAL CODE ANN. §§ 49.07(a)(1), 49.08(a) (Vernon 2006); TEX. TRANSP. CODE ANN. §§ 550.021(a)-(c), 555.023(3) (Vernon 1999).

Kappe claims that the evidence was insufficient to support revocation of his community supervision and that the trial court failed to take into consideration mitigating factors in sentencing. For the reasons stated herein, we affirm the trial court's judgment.

## I. Background

Henry Kappe was indicted for intoxication manslaughter, intoxication assault, and failure to stop and render assistance. On February 2, 2005, Kappe was found guilty by a jury of all three offenses. The jury sentenced him to five years in the Texas Department of Criminal Justice and a $500.00 fine for intoxication assault and intoxication manslaughter, and six months in the Nueces County jail and a $500.00 fine for failure to stop and render assistance. The jury also recommended that the punishment of imprisonment be suspended and that Kappe be placed on community supervision with respect to the intoxication assault and manslaughter convictions. On February 10, 2005, the trial court placed Kappe on community supervision.

The State filed a motion to revoke Kappe's community supervision, and later amended the motion. The motions to revoke alleged that Kappe failed to report to his probation officer, failed to report a change of his residence, failed to pay fines, and failed to avoid alcoholic beverages. A hearing was held on motion to revoke on February 21, 2008 at which time Kappe pleaded "true" to all the allegations in the State's motion to revoke.

Kappe did not enter into an agreement regarding punishment. The State requested that the trial court impose the original five year sentence in Texas Department Criminal Justice. Kappe asked that his probation not be revoked and, in the alternative, asked the

2

court to consider SAFPF or SATF.[1]

After hearing the evidence, the court found the allegations in the motion to revoke to be true. The trial court revoked Kappe's community supervision, and he was sentenced to five years in the Texas Department of Criminal Justice for the intoxication assault and the intoxication manslaughter, and he was sentenced to six months in the Nueces County Jail for his failure to stop and render aid. The court certified Kappe's right to appeal, and this appeal ensued.

## II. *Anders* issues

Kappe's counsel describes his appellate brief as a "hybrid-*Anders*" brief. In other words, Kappe's counsel has argued one issue that she found to be meritorious but has also listed several possible issues that she deems frivolous. The State argues that the brief fails to comply with the procedure required by *Anders v. California*, 386 U.S. 738 (1967) and *In Re Shulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008). We agree.

States must provide counsel for an indigent appellant on his first appeal as a matter of right, and courts have recognized the superior ability of trained counsel in the examination into the record, research of the law, and marshalling of the arguments on the appellant's behalf. *Douglas v. California*, 372 U.S. 353, 358 (1963). Experienced advocates have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most, on a few key issues. *Jones v. Barnes,* 463 U.S. 745, 751 (1983). Appellate counsel does not have to raise every possible argument on appeal; rather, appellate counsel should examine the record with a view to selecting the most promising issues for review. *Id.* at 752. Even though

---

[1] Substance Abuse Felony Punishment Facilities. *See* TEX. GOV'T CODE ANN. § 493.009 (Vernon Supp.2007)

3

Kappe's counsel has set out various issues that she found to be wholly frivolous, she was not required to do so. Kappe's counsel did brief one issue which she felt was not frivolous. We will confine our review to that issue.

### III. Revocation and Punishment

Kappe argues that the evidence at the hearing to revoke his probation was insufficient to support the revocation, and that the court failed to take into account mitigating factors. The State argues that appellant did not raise this objection at the hearing and has thus waived the issue. In the alternative, the State argues that the sentence is within the range of punishment for the offenses.

### A. Waiver

To preserve a complaint of disproportionate sentencing, an appellant must object or otherwise raise error in the trial court. TEX. R. APP. P. 33.1; *Jackson v. State*, 989 S.W.2d 842, 844 (Tex. App.–Texarkana 1999, no pet.). Kappe did not specifically object when the trial court pronounced his sentence. However, Texas Rule of Appellate Procedure 33.1(a)(1)(A) excuses the lack of a timely and specific objection if "the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Kappe did not challenge the evidence supporting revocation because he pleaded true to the State's allegations. Accordingly, he has not preserved that argument for appeal. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that the issue on appeal must comport with the objection raised at trial). However, Kappe did request that the court continue his community supervision and order alcohol rehabilitation. *Id.* Accordingly, he preserved his challenge to the sentence.

4

**B. Standard of Review**

A trial judge is afforded a great amount of discretion in determining the appropriate punishment in any given case. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *see also Jeter v. State*, No. 13-05-069-CR, 2006 Tex. App. LEXIS 7136, at *2-3 (Tex. App.–Corpus Christi Aug. 10, 2006, no pet.) (mem. op., not designated for publication). Accordingly, the trial court's assessment of a particular punishment will not be disturbed on appeal absent a showing of abuse of discretion. *Jackson*, 680 S.W.2d at 814. Generally, a penalty assessed that is within the range of punishment established by the Legislature for a particular offense will not be disturbed on appeal. *Id.*

Texas Code of Criminal Procedure article 42.12, section 23 sets forth the procedures to be followed when a person violates the terms of his or her community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23 (Vernon Supp. 2007). Section 23 provides that if community supervision is revoked, "the judge may proceed to dispose of the case as if there had been no community supervision, or if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted." *Id.*

At the hearing, the court heard from Kappe and his counsel regarding the reason for keeping him on community supervision. After the hearing, the sentence given to Kappe was the sentence given by the jury and was well within the range of punishment for the offenses. TEX. PENAL CODE ANN. § 49.07(c) (intoxication assault is a third-degree felony); *id.* § 12.34(a) (two-to-ten year imprisonment as punishment for third-degree felony); *id.* §

5

49.08(b) (intoxication manslaughter is a second-degree felony); *id.* § 12.33(a) (two-to-twenty year imprisonment as punishment for second-degree felony); TEX. TRANSP. CODE ANN. § 550.021(c)(2)(A) (punishment for failure to render aid is limited to "imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year").  Accordingly, the trial court did not abuse its discretion.

## IV. Conclusion

For the above given reasons, the judgment of the trial court is AFFIRMED.

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 21st day of August, 2008.