# NOS. 12-09-00444-CR
# 12-09-00445-CR
# 12-09-00446-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN WESTLEY TURNER, JR.,* <br> *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

John Westley Turner, Jr. appeals his convictions for theft, for which he was sentenced to imprisonment for two years, forgery, for which he was sentenced to imprisonment for two years, and retaliation, for which he was sentenced for imprisonment for fifteen years. In one issue, Appellant contends that the sentences he received amount to cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with theft of between $500.00 and $1,500.00 from an elderly individual, forgery, and retaliation. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged in each cause. Thereafter, the trial court sentenced Appellant to imprisonment for two years for theft, two years for forgery, and fifteen years for retaliation.[1] This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

---

[1] The State filed notice of its intent to seek habitual punishment pursuant to Texas Penal Code, section 12.42. At his trial on punishment, Appellant pleaded "true" to a prior felony conviction for possession of a controlled substance.

1

In his sole issue, Appellant argues that his sentences amount to cruel and unusual punishment in violation of the United States and Texas constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such issues on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); TEX R. APP. P. 33.1. However, even absent waiver, we conclude that the sentences about which Appellant complains did not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of theft of between $500.00 and $1,500.00 from an elderly individual, the punishment range for which is one hundred eighty days to two years. *See* TEX. PENAL CODE ANN. §§ 12.35(a), 31.03(a), (e)(3), (f)(3)(A) (Vernon Supp. 2010). Appellant was further convicted of forgery, the punishment range for which is one hundred eighty days to two years. *See* TEX. PENAL CODE ANN. §§ 12.35(a), 32.21(b), (d) (Vernon Supp. 2010). Finally, Appellant was convicted of retaliation, the punishment range for which, considering Appellant's plea of "true" to a prior felony conviction, is two to twenty years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.42(a)(3), 36.06(a)(1)(A), (c) (Vernon Supp. 2010). In each instance, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishments are not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.),

2

*cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).

We must first determine whether Appellant's sentences are grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offenses committed by Appellant—theft of between $500.00 and $1,500.00 from an elderly person, forgery, and retaliation—were each more serious than any of the offenses committed by the appellant in *Rummel*, while none of Appellant's sentences are as severe as the life sentence upheld by the Supreme Court in *Rummel*. Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither are the sentences assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment in each cause.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3