NOS. 12-09-00444-CR

          12-09-00445-CR

          12-09-00446-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOHN WESTLEY TURNER, JR.,                    '                 APPEAL
FROM THE 349TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 HOUSTON
COUNTY, TEXAS







MEMORANDUM
OPINION

            John
Westley Turner, Jr. appeals his convictions for theft, for which he was
sentenced to imprisonment for two years, forgery, for which he was sentenced to
imprisonment for two years, and retaliation, for which he was sentenced for
imprisonment for fifteen years.  In one issue, Appellant contends that the
sentences he received amount to cruel and unusual punishment.  We affirm.

 

Background

            Appellant
was charged by separate indictments with theft of between $500.00 and $1,500.00
from an elderly individual, forgery, and retaliation.  Appellant pleaded “not
guilty,” and the matter proceeded to a jury trial.  Ultimately, the jury found
Appellant “guilty” as charged in each cause.  Thereafter, the trial court
sentenced Appellant to imprisonment for two years for theft, two years for
forgery, and fifteen years for retaliation.[1] 
This appeal followed.

 

Cruel and Unusual Punishment

In
his sole issue, Appellant argues that his sentences amount to cruel and unusual
punishment in violation of the United States and Texas constitutions.  However,
Appellant made no timely objection to the trial court raising the issue of
cruel and unusual punishment and has, therefore, waived such issues on appeal. 
See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)
(waiver with regard to rights under the Texas Constitution); Curry v.
State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard
to rights under the United States Constitution); Tex R. App. P. 33.1.  However, even absent waiver, we
conclude that the sentences about which Appellant complains did not constitute
cruel and unusual punishment.

The
legislature is vested with the power to define crimes and prescribe penalties. 
See Davis v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana
1995, pet. ref=d); see
also Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler
1996, pet. ref=d). 
Courts have repeatedly held that punishment which falls within the limits
prescribed by a valid statute is not excessive, cruel, or unusual.  See Harris
v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664.  In the case at hand, Appellant was convicted of theft of
between $500.00 and $1,500.00 from an elderly individual, the punishment range
for which is one hundred eighty days to two years.  See Tex. Penal Code Ann. §§ 12.35(a),
31.03(a), (e)(3), (f)(3)(A) (Vernon Supp. 2010). Appellant was further convicted
of forgery, the punishment range for which is one hundred eighty days to two
years.  See Tex. Penal Code Ann.
§§ 12.35(a), 32.21(b), (d) (Vernon Supp. 2010).  Finally, Appellant was
convicted of retaliation, the punishment range for which, considering
Appellant’s plea of “true” to a prior felony conviction, is two to twenty
years.  See Tex. Penal Code Ann.
§§ 12.33(a), 12.42(a)(3), 36.06(a)(1)(A), (c) (Vernon Supp. 2010).  In
each instance, the sentence imposed by the trial court falls within the range
set forth by the legislature.  Therefore, the punishments are not prohibited as
cruel, unusual, or excessive per se.

Nonetheless,
Appellant urges the court to perform the three part test originally set forth
in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637
(1983). Under this test, the proportionality of a sentence is evaluated by
considering (1) the gravity of the offense and the harshness of the penalty,
(2) the sentences imposed on other criminals in the same jurisdiction, and (3)
the sentences imposed for commission of the same crime in other jurisdictions. 
Solem, 463 U.S. at 292, 103 S. Ct. at 3011.  The application of
the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals in light of the Supreme Court=s decision in Harmelin v. Michigan,
501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold
determination that the sentence is grossly disproportionate to the crime before
addressing the remaining elements. See, e.g., McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct.
146, 121 L. Ed. 2d 98 (1992); see also Jackson v. State,
989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).

We
must first determine whether Appellant=s
sentences are grossly disproportionate.  In so doing, we are guided by the
holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L.
Ed. 2d 382 (1980).  In Rummel, the Supreme Court addressed the
proportionality claim of an appellant who had received a mandatory life
sentence under a prior version of the Texas habitual offender statute for a
conviction of obtaining $120.75 by false pretenses. Id., 445 U.S.
at 266, 100 S. Ct. at 1135.  A life sentence was imposed because the appellant
also had two prior felony convictions––one for fraudulent use of a credit card
to obtain $80.00 worth of goods or services and the other for passing a forged
check in the amount of $28.36.  Id., 445 U.S. at 266, 100 S. Ct.
at 1134–35.  After recognizing the legislative prerogative to classify offenses
as felonies and, further, considering the purpose of the habitual offender
statute, the court determined that the appellant=s
mandatory life sentence did not constitute cruel and unusual punishment. Id.,
445 U.S. at 285, 100 S. Ct. at 1145.

In
the case at hand, the offenses committed by Appellant––theft of between $500.00
and $1,500.00 from an elderly person, forgery, and retaliation––were each more
serious than any of the offenses committed by the appellant in Rummel,
while none of Appellant’s sentences are as severe as the life sentence upheld
by the Supreme Court in Rummel.  Thus, it follows that if the
sentence in Rummel was not unconstitutionally disproportionate,
then neither are the sentences assessed against Appellant in the case at hand. 
Therefore, since we do not find the threshold test to be satisfied, we need not
apply the remaining elements of the Solem test.  Appellant’s sole
issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment in each cause.

 

                                                                                                James T. Worthen

                                                                                                      
Chief Justice

 

 

Opinion delivered March 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
The State filed notice of its intent to seek habitual punishment pursuant to
Texas Penal Code, section 12.42.  At his trial on punishment, Appellant pleaded
“true” to a prior felony conviction for possession of a controlled substance.