# NO. 12-12-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMAIOUS L. WHITAKER,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jamious L. Whitaker appeals the revocation of his community supervision, following which he was sentenced to imprisonment for ten years. In one issue, Appellant argues that his sentence amounts to cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity and pleaded "guilty." The trial court found Appellant "guilty" as charged and sentenced him to imprisonment for ten years, but suspended the sentence and placed Appellant on community supervision for ten years.

On July 10, 2012, the State filed a motion to revoke Appellant's community supervision alleging that Appellant had violated certain conditions thereof. On September 7, 2012, the trial court conducted a hearing on the State's motion. Appellant pleaded "not true" to the allegations in the State's motion. At the conclusion of the hearing, the trial court found multiple allegations in the State's motion to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for ten years. This appeal followed.

<u>**CRUEL AND UNUSUAL PUNISHMENT**</u>

In his sole issue, Appellant argues that his sentence amounts to cruel and unusual punishment in violation of the United States and Texas constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See **Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1. Even so, we conclude that the sentence about which Appellant complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See **Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also **Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of engaging in organized criminal activity, the punishment range for which is, under the facts of this case, two to ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 71.02 (West 2011 & Supp. 2012). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Solem***, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the ***Solem*** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., **McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir.); *see also **Jackson v. State***, 989 S.W.2d 842, 845– 46 (Tex. App.–Texarkana 1999, no pet.).

We must first determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—engaging in organized criminal activity—was more serious than any of the offenses committed by the appellant in *Rummel*, while Appellant's ten year sentence is no more severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00313-CR**

**JAMAIOUS L. WHITAKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd Judicial District Court

of Anderson County, Texas. (Tr.Ct.No. 30343)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4