# NO. 12-12-00337-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KIRK HOLT,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kirk Holt appeals his conviction for misapplication of fiduciary property of an elderly individual, for which he was sentenced to imprisonment for twenty-three years. In one issue, Appellant argues that his sentence amounts to cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with misapplication of fiduciary property of an elderly individual and pleaded "not guilty." The matter proceeded to trial, and a jury found Appellant "guilty" as charged. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for twenty-three years. The trial court sentenced Appellant accordingly, and this appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that his sentence amounts to cruel and unusual punishment in violation of the United States and Texas constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed

to preserve any such error. *See* ***Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1. Even so, we conclude that the sentence about which Appellant complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See* ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also* ***Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See* ***Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of misapplication of fiduciary property of an elderly individual, the punishment range for which is five to ninety-nine years or life. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 32.45(b), (c)(6), (d) (West 2011). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Solem***, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the ***Solem*** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.,* ***McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* ***Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We must first determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in ***Rummel v. Estell***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who

had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—misapplication of fiduciary property of an elderly individual—was more serious than any of the offenses committed by the appellant in *Rummel*, while Appellant's twenty-three year sentence is no more severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 10, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 10, 2013**

**NO. 12-12-00337-CR**

**KIRK HOLT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th Judicial District Court

of Houston County, Texas. (Tr.Ct.No. 11CR-058)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*