In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00069-CR**

_____

**VICTOR WESTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-10859**

**MEMORANDUM OPINION**

Victor Weston appeals from the trial court's decision to revoke its order placing Weston on community supervision. In two issues, Weston contends that his sentence is constitutionally disproportionate and unreasonable, and that the trial court erred by failing to consider mitigating evidence in deciding his sentence. We affirm the trial court's judgment.

Background

In carrying out a plea bargain agreement, Weston pled guilty to burglarizing a habitation with the intent to commit an assault, a first degree felony. *See* Tex. Penal Code Ann. § 30.02(a)(3), (d) (West 2011). Under the terms of Weston's plea bargain agreement, the trial court deferred its decision to adjudicate Weston's guilt, placed him on community supervision for eight years, and assessed a fine of one thousand dollars.

Approximately seven months later, the State filed a motion to revoke the community-supervision order, suggesting that the trial court adjudicate Weston's guilt and find him guilty of burglary. During the revocation hearing, Weston pled "true" to violating a condition of the trial court's community supervision order. The trial court found that Weston violated a term of the trial court's deferred adjudication order and found Weston guilty of burglarizing a habitation with the intent to commit an assault. At the conclusion of Weston's revocation hearing, the trial court assessed a ten year sentence. Weston did not object to the sentence the trial court pronounced, nor did he file a motion for new trial.

Analysis

In issues one and two, Weston argues that his sentence is constitutionally disproportionate and unreasonable under the Eighth Amendment to the United States Constitution, and under article I, section 13 of the Texas Constitution.

2

*See* U.S. CONST. amend. VIII; Tex. Const. art. I, § 13. To preserve a complaint that a sentence is disproportionate for the crime or circumstances particular to a case, the defendant must make a timely, specific objection in the trial court asserting such a claim, or he must raise the issue in a motion for new trial. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that defendant waived any claim that article I, section 13 of the Texas Constitution was violated because the defendant failed to raise his objection in the trial court); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that the defendant failed to preserve his argument that his sentence was disproportionate by failing to raise an objection asserting that claim in the trial court).

The record reflects that when his sentence was pronounced, Weston did not preserve his right to appellate review by objecting that he was being given a disproportionate sentence in violation of the United States Constitution or the Texas Constitution. We conclude that Weston failed to preserve his claim that he received a disproportionate sentence for review on appeal. *See* Tex. R. App. P. 33.1(a).

However, even had Weston preserved the complaints he attempts to raise in his appeal about the length of his sentence, we would reject Weston's arguments that he received an unconstitutional sentence. Weston's sentence of ten years is

within the statutory range the Legislature authorized for burglarizing a habitation with the intent to commit an assault. *See* Tex. Penal Code Ann. § 12.32 (West 2011) (providing that a first degree felony shall be punished by confinement for life or for any term of not more than ninety-nine years or less than five years), § 30.02(a)(3), (d) (providing that the offense of burglarizing a habitation with the intent to commit a felony other than felony theft is a first degree felony). When the sentence that the defendant received is within the range of punishment authorized by the Legislature, a court will generally not disturb the sentence by declaring that the trial court's sentence to be excessive. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Nor is a sentence that is within the authorized range generally considered to be a constitutionally cruel or unusual punishment. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.).

While Weston argues the trial court failed to consider factors that mitigated against his sentence, which are outlined in article 37.07 of the Texas Code of Criminal Procedure, the record does support his argument. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (West Supp. 2014).[1] The trial court did not exclude any testimony introduced by either party during the hearing. Additionally, Weston

---

[1]We cite to the current version of the statute because the subsequent amendment does not affect the outcome of this appeal.

4

failed to introduce evidence at the hearing reflecting that lesser sentences are imposed by trial courts for similar offenses on criminals who have committed similar crimes in Texas or in other jurisdictions, so we are unable to compare the sentence Weston received with any other cases to evaluate the arguments he makes in his appeal.[2] *See Jackson*, 989 S.W.2d at 846.

We hold that Weston failed to preserve the complaints that he makes about his sentence for our review on appeal. Issues one and two are overruled.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered December 10, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[2]Weston suggests that if more information is needed, this Court should abate the appeal for a hearing to allow him to gather information regarding sentences imposed for similar offenses. Weston cites no authority to support his request that we should allow him additional hearings for this purpose, and we decline his request asking to remand the case for further hearings. *See* Tex. R. App. P. 38.1(i).